UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,          Civil No. 1:24-cv-01272

vs.

$6,580 UNITED STATES CURRENCY,

   Defendant Currency.
_____/

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

NOW COMES Plaintiff, United States of America, by and through its attorneys, Mark A. Totten, United States Attorney for the Western District of Michigan, and Daniel T. McGraw, Assistant United States Attorney, and states upon information and belief that:

### NATURE OF THE ACTION

1. This is a civil forfeiture action filed pursuant to 21 U.S.C. § 881(a)(6) and Supplemental Rule G(2) of the Federal Rules of Civil Procedure to forfeit and condemn to the use and benefit of the United States of America $6,580 United States Currency (the "Defendant Currency").

### THE DEFENDANT IN REM

2. The Defendant Currency consists of $6,580 in United States Currency that was seized on or about July 27, 2023 by the Drug Enforcement Administration (DEA). The Defendant Currency is currently in the custody of the United States Marshal Service (USMS).

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1345 and 1355(b)(1)(A), because this action is being commenced by the United States of America as Plaintiff, and the acts giving rise to the basis for forfeiture occurred in this judicial district.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to forfeiture occurred in this judicial district, and/or pursuant to 28 U.S.C. § 1395(b), because the Defendant Currency was found within this judicial district.

## BASIS FOR FORFEITURE

5. As set forth below, the Defendant Currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) because it constitutes (1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance; and/or (2) proceeds traceable to such an exchange; and/or (3) money, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act, 21 U.S.C. §§ 841, 846.

## FACTS SUPPORTING FORFEITURE

6. In April and May 2022, investigators with the DEA and Kalamazoo Valley Enforcement Team (KVET) utilized a confidential informant to make three controlled purchases of an ounce of methamphetamine from Roy Bush at his residence on Krom Street in Kalamazoo, Michigan.

7. During a search of that Kalamazoo residence in May 2022, investigators found firearms, a digital scale with residue, $24,045 U.S. currency (which included $340 of pre-recorded currency used in the controlled purchases), three cell phones, marijuana, and over 2.5 kilograms of methamphetamine.

8. After another controlled purchase for over 100 grams of methamphetamine from Mr. Bush at the Krom Street residence in July 2023, investigators searched the residence again, finding more methamphetamine, U.S. currency, and drug trafficking tools.

9. Specifically, on July 27, 2023, during the search of the residence on Krom Street, Kalamazoo, Michigan, in the upstairs west bedroom, investigators found over 200 grams of methamphetamine, a box of sandwich bags, and $4,900 in U.S. currency. Elsewhere in the residence, investigators found a digital scale, box of sandwich bags, and plastic bags with drug residue.

10. On July 27, 2023, investigators also searched a car parked on Krom Street in front of Mr. Bush's residence. Inside the car, investigators found over 2 kilograms of methamphetamine, a digital scale, a box of sandwich bags was located.

11. Investigators also searched a second car that was parked in the driveway of Mr. Bush's residence—the same car that Mr. Bush drove to the July 2023 controlled purchase. Inside the car, investigators found documents and Mr. Bush's driver's license, along with $6,880 U.S. currency, which included $300 of pre-recorded currency used in controlled purchases. Investigators removed the $300, and processed the remaining $6,580 U.S. currency for forfeiture as proceeds or facilitating property

3

of drug trafficking crimes ("the Defendant Currency").

12.     Investigators learned that the car parked in the driveway was rented in the name of Carlton Pullian. On September 7, 2023, investigators interviewed Mr. Pullian, who seemed confused and initially claimed not to know Roy Bush or have rented a car for him. Mr. Pullian stated that he does talk to Mr. Bush's sister. Mr. Pullian stated that he did not have any property in the rental car. After investigators specifically advised Mr. Pullian that they found over $6,800 in the rental car and asked him if it was his money, Mr. Pullian responded, "no." Mr. Pullian called the investigator back five minutes later, and confirmed that he did not have any money in the car. Mr. Pullian disclaimed ownership of the Defendant Currency.

13.     A federal grand jury returned a three-count superseding indictment against Roy Bush on October 17, 2023, charging: possession with intent to distribute methamphetamine on May 5, 2023 (Count 1); possession with intent to distribute methamphetamine in the Krom Street residence on July 27, 2023 (Count 2); and possession with intent to distribute methamphetamine in the car parked on Krom Street on July 27, 2023 (Count 3). *See United States v. Roy Malik Bush, Jr.*, No. 1:23-cr-00083-PLM.

14.     On December 5, 2023, Mr. Bush pleaded guilty to Count 1 of the superseding indictment pursuant to a plea agreement with the government. In the plea agreement, Mr. Bush agreed to forfeit $23,710 U.S. currency seized from his residence and person on May 5, 2022, which constituted or was derived from proceeds Mr. Bush obtained as a result of his offense, or was property he used or intended to

4

use, in any manner or part, to commit, or to facilitate the commission of the offense. (No. 1:23-cr-00083; R.36: Plea Agreement, PageID.68-69.) Mr. Bush also consented to the administrative forfeiture of $4,900 U.S. currency seized from his residence on July 27, 2023, and the Defendant Currency seized from the rental car parked in the driveway on July 27, 2023, as proceeds and facilitating property of drug trafficking crimes. (*Id.*)

15. On March 25, 2024, the Court sentenced Mr. Bush to 188 months in the federal Bureau of Prisons, followed by three years of supervised release, and ordered the forfeiture of the U.S. currency found during the May 5, 2022 search.

16. Upon information and belief, the Defendant Currency was furnished, or intended to be furnished, in exchange for drugs, constitutes the proceeds of drug trafficking, and/or was being used to facilitate violations of 21 U.S.C. §§ 841 and 846.

## CLAIM I

17. Plaintiff hereby re-alleges paragraphs 1 – 16, as referenced above.

18. The Defendant Currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6) because it constitutes money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. Chapter 13, Subchapter I.

## CLAIM II

19. Plaintiff hereby re-alleges paragraphs 1 – 16, as referenced above.

20. The Defendant Currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6) because it constitutes proceeds traceable to an exchange of

controlled substances in violation of 21 U.S.C. Chapter 13, Subchapter I.

## CLAIM III

21. Plaintiff hereby re-alleges paragraphs 1 – 16, as referenced above.

22. The Defendant Currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6) because it constitutes money used or intended to be used to facilitate a violation of 21 U.S.C. Chapter 13, Subchapter I.

## REQUESTED RELIEF

Wherefore, the United States requests that the Court issue a warrant for the arrest of the Defendant Currency; that due notice be given to all interested parties to appear and show cause why forfeiture to the United States of America should not be decreed; and that the Defendant Currency be condemned and forfeited to the United States of America and be delivered into the custody of the Drug Enforcement Administration or the United States Marshals Service for disposition according to law; and for such other relief as this Court may deem just and proper.

MARK A. TOTTEN
United States Attorney

Dated: December 2, 2024

_____
DANIEL T. McGRAW
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404

## VERIFICATION

I am a Task Force Officer of the Drug Enforcement Administration with personal involvement in this investigation.

I have read the contents of the foregoing Verified Complaint for Forfeiture In Rem, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 11-25-2024

MARCEL BEHNEN
Task Force Officer
Drug Enforcement Administration